IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ABDULS ANGELS TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-cv-02611-LKG |
| | ) | |
| v. | ) | Dated: October 10, 2023 |
| | ) | |
| HOMEBRIDGE FINANCIAL SERVICES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On September 26, 2023, this Court received the above-entitled complaint. For the reasons that follow, the complaint must be dismissed.

Plaintiff[1] is suing Homebridge Financial Services, Inc., U.S. Bank, N.A., Carrie M. Ward, Jacob Geesing, Howard N. Bierman, Richard R. Goldsmith, Jr., Elizabeth C. Jones, Nicholas Derdock, Andrew J. Brenner, Christopher Robert Selling, Phillip Shriver, BWW Law Group, LLC, Ross Adam, LLC, and Decorative Wood Designs, LLC in an apparent attempt to stop foreclosure/eviction proceedings that are pending in a Maryland State court. ECF No. 1. Plaintiff entitles the Amended Complaint "Emergency Request for Injunction, Judicial Notice, Request for GAAP Forensic Audit, Claim for Damages & Demand for Jury Trial." ECF No. 3 at 1. For the reasons discussed below, the request for injunctive relief is denied and the complaint dismissed.

Plaintiff asks for, among other things, an injunction prohibiting Baltimore City Circuit Court Case No. 24-O-22-001056 from proceeding and prohibiting Defendants Ross Adam LLC and Decorative Wood Design LLC from, among other things, trespassing upon private property.

---

[1] Artificial entities, such as corporations and limited liability companies, cannot proceed pro se in this Court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" and "that rule applies equally to all artificial entities."). Thus "Abduls Angels Trust" may not proceed without counsel.

*Id.* at 7. Plaintiff attaches to the Amended Complaint documents which show that Case No. 24-0-22-001056 is a foreclosure proceeding open in the Circuit Court for Baltimore City and in which the subject property has been foreclosed and the subsequent sale to Ross Adam LLC ratified. ECF No. 3-17. Plaintiff states that this Court has jurisdiction because this "is a court of record and not an administrative court."[2] ECF No. 3 at 2.

To the extent Plaintiff seeks to enjoin the state court proceedings or seeks declaratory relief regarding rights to the property at issue, this court may not grant "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where the Anti-Injunction Act bars injunctive relief, issuance of a declaratory judgment that would have the same effect as an injunction is also unavailable. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015); *see also Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction). Additionally, where equitable relief is sought regarding property that is already the subject of an ongoing *in rem* action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property. *See Tucker*, 83 F. Supp. 3d at 641-42; *see also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending).

Accordingly, the request for injunctive relief is denied and the complaint dismissed. A separate Order follows.

10-6-2023
Date

LYDIA KAY GRIGGSBY
United States District Judge

---

[2] While Plaintiff cites several federal statutory and constitutional provisions, they neglect to explain how any of those provisions apply to the facts of their claim.